TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard
Suite 103
Flushing, NY 11355
(718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective,*
*and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
 ----------------------------------------------------------------x
GUANGLEI JIAO,
NAN YU,
RUIJI ZHAI, and
YANJUN LI,
*on behalf of themselves and others similarly situated,*

|  |  |
|---|---|
| Plaintiffs, | Case No. 18-cv-05624 (ARR) (VMS) |
| v. | **29 U.S.C. § 216(b) COLLECTIVE ACTION AND FED. R. CIV. P. 23 CLASS ACTION** |
| SHANG SHANG QIAN INC<br>       d/b/a Shang Shang Qian,<br>YUAN YUAN WU<br>       a/k/a Andy Wu,<br>ZHAORUI FAN,<br>DAN WU<br>       a/k/a Stephy Wu, and<br>MEILING ZOU<br>       a/k/a Denise Zou, | **AMENDED COMPLAINT** |
| Defendants. |  |

 ----------------------------------------------------------------x

Plaintiffs GUANGLEI JIAO, NAN YU, RUIJI ZHAI, and YANJUN LI (hereinafter referred to as "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorney, Troy Law, PLLC, hereby bring this complaint against Defendants SHANG SHANG QIAN INC d/b/a Shang Shang Qian, YUAN YUAN WU a/k/a Andy Wu, ZHAORUI FAN, DAN WU a/k/a Stephy Wu, and MEILING ZOU a/k/a Denise Zou (hereinafter referred to as "Defendants"), and allege as follows:

## INTRODUCTION

1.    This action is brought by the Plaintiffs, on behalf of themselves as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York Labor Law ("NYLL"), N.Y. Lab. L., arising from Defendants' various willful and unlawful employment policies, patterns and practices.

2.    Upon information and belief, Defendants have willfully, intentionally, and maliciously committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiffs, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.    Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid wages and minimum wage and unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4.    Plaintiff YAN JUN LI further alleges that she is entitled to recover from the Defendants under the FLSA and NYLL: (1) the entirety of that portion of the tip pool that Defendants withheld and which is due to her.

5.    Plaintiffs further allege pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that they are entitled to recover from the Defendants: (1) unpaid wages and minimum wage compensation and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross

and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

8.      From on or about May 31, 2017 through on or about September 21, 2018, Plaintiff GUANGLEI JIAO was employed by Defendants to work as a "fry wok" (sauté cook) and ingredient sorter at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

9.      From on or about June 01, 2017 through on or about September 21, 2018, Plaintiff RUIJI ZHAI was employed by Defendants to work as a barbecue assistant and miscellaneous kitchen worker at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

10.     From on or about June 02, 2016 through on or about September 21, 2018, Plaintiff YANJUN LI was employed by Defendants to work as a waitress, cashier, and cleaner at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

11.     From on or about September 06, 2016 through on or about September 21, 2018,

Plaintiff NAN YU was employed by Defendants to work as a barbecue assistant at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

## **DEFENDANTS**

### *Corporate Defendant*

12.    Defendant SHANG SHANG QIAN INC d/b/a Shang Shang Qian is a domestic business corporation organized under the laws of the State of New York with a principal address at 36-34 Union St, Flushing, NY 11354, premises out of which it operated a Chinese restaurant.

13.    SHANG SHANG QIAN INC d/b/a Shang Shang Qian is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year. SHANG SHANG QIAN INC d/b/a Shang Shang Qian operated its Chinese restaurant 7 days per week, and upon information and belief had about $2,000.00/day gross revenue on ordinary days and up to $5,000.00/day gross revenue on busy days.

14.    SHANG SHANG QIAN INC d/b/a Shang Shang Qian purchased and handled goods moved in interstate or foreign commerce, including but not limited to Qingdao, Heineken, and Corona beers imported from China, the Netherlands, and Mexico respectively; fishes and other seafood caught outside of New York's territorial waters; and cleaning supplies produced outside of New York.

### *Owner/Operator Defendants*

15.    The Individual Defendants were officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders are individually responsible for unpaid wages under the New York Business Corporation Law NYBSC § 630(a).

16.    YUAN YUAN WU a/k/a Andy Wu, known as Boss Andy to Plaintiffs, (1) had the

power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SHANG SHANG QIAN INC d/b/a Shang Shang Qian.

17.    Each of YUAN YUAN WU a/k/a Andy Wu, ZHAORUI FAN, and DAN WU a/k/a Stephy Wu paid employees of SHANG SHANG QIAN INC d/b/a Shang Shang Qian.

18.    Each of YUAN YUAN WU a/k/a Andy Wu, ZHAORUI FAN, and DAN WU a/k/a Stephy Wu counted and kept records of the money SHANG SHANG QIAN INC d/b/a Shang Shang Qian earned from customers on a regular basis.

19.    YUAN YUAN WU a/k/a Andy Wu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder, 29 C.F.R. § 791.2, and NYLL § 2, and is jointly and severally liable with SHANG SHANG QIAN INC d/b/a Shang Shang Qian.

20.    ZHAORUI FAN, known as Boss Fan to Plaintiffs, is the New York Alcoholic Beverage Control principal for SHANG SHANG QIAN INC d/b/a Shang Shang Qian, and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SHANG SHANG QIAN INC d/b/a Shang Shang Qian .

21.    ZHAORUI FAN actually hired Plaintiffs GUANGLEI JIAO, NAN YU, RUIJI ZHAI, and YANJUN LI.

22.    Each of YUAN YUAN WU a/k/a Andy Wu, ZHAORUI FAN, and DAN WU a/k/a Stephy Wu paid employees of SHANG SHANG QIAN INC d/b/a Shang Shang Qian.

23.    Each of YUAN YUAN WU a/k/a Andy Wu, ZHAORUI FAN, and DAN WU a/k/a Stephy Wu counted and kept records of the money SHANG SHANG QIAN INC d/b/a Shang

Shang Qian earned from customers on a regular basis.

24.     ZHAORUI FAN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder, 29 C.F.R. § 791.2, and NYLL § 2, and is jointly and severally liable with SHANG SHANG QIAN INC d/b/a Shang Shang Qian.

25.     DAN WU a/k/a Stephy Wu, known as Lady Boss to Plaintiffs, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SHANG SHANG QIAN INC d/b/a Shang Shang Qian.

26.     DAN WU a/k/a Stephy Wu has hired employees at SHANG SHANG QIAN INC d/b/a Shang Shang Qian.

27.     Each of YUAN YUAN WU a/k/a Andy Wu, ZHAORUI FAN, and DAN WU a/k/a Stephy Wu paid employees of SHANG SHANG QIAN INC d/b/a Shang Shang Qian.

28.     Each of YUAN YUAN WU a/k/a Andy Wu, ZHAORUI FAN, and DAN WU a/k/a Stephy Wu counted and kept records of the money SHANG SHANG QIAN INC d/b/a Shang Shang Qian earned from customers on a regular basis.

29.     DAN WU a/k/a Stephy Wu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder, 29 C.F.R. § 791.2, and NYLL § 2, and is jointly and severally liable with SHANG SHANG QIAN INC d/b/a Shang Shang Qian.

30.     MEILING ZOU a/k/a Denise Zou, also known as Lady Boss to Plaintiffs, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SHANG SHANG QIAN INC d/b/a Shang Shang Qian .

31.     MEILING ZOU a/k/a Denise Zou has hired employees at SHANG SHANG QIAN INC d/b/a Shang Shang Qian.

32.     MEILING ZOU a/k/a Denise Zou acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder, 29 C.F.R. § 791.2, and NYLL § 2, and is jointly and severally liable with SHANG SHANG QIAN INC d/b/a Shang Shang Qian.

## STATEMENT OF FACTS

33.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by SHANG SHANG QIAN INC d/b/a Shang Shang Qian.

34.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

35.     Pursuant to NYCRR Part 146-2.2 and 29 USC § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

36.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the New York minimum wage for each hour worked.

37.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

38.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

39.     Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

40.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their

use of tip credit.

41.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with wage notices, at their times of hire or thereafter, listing their rates of pay, payday, and other information required by Section 195.1 of the NYLL in English and in their native languages.

42.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with wage statements with each payment of wages that listed the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

43.     Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiffs worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

44.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### Plaintiff GUANGLEI JIAO

45.     From on or about May 31, 2017 through on or about September 21, 2018, Plaintiff GUANGLEI JIAO was employed by Defendants to work as a "fry wok" (sauté cook) and ingredient sorter at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

46.     From on or about May 31, 2017 through on or about January 22, 2018, Plaintiff GUANGLEI JIAO's regular work schedule ran from 15:00 to 26:00 (02:00 the next day) for eleven (11) hours a day for seven (7) days from Mondays through Sundays, plus staying after his shift for an average of one (1) hour per day for each day, for a total of 84.00 hours each week.

47.     From on or about January 23, 2018 through on or about September 21, 2018, Plaintiff GUANGLEI JIAO's regular work schedule ran from 16:00 to 27:00 (03:00 the next day) for eleven (11) hours a day for seven (7) days from Mondays through Sundays, plus staying for an average of one (1) hour per day for each day, for a total of 84 hours each week.

48.     At all relevant times, Plaintiff GUANGLEI JIAO did not have a fixed time for lunch or for dinner.

49.     In fact, Plaintiff GUANGLEI JIAO had ten (10) minutes to eat two (2) meals.

50.     From on or about May 31, 2017 through on or about August 31, 2017, Plaintiff GUANGLEI JIAO was paid a flat compensation at a rate of three thousand two hundred dollars ($3,200.00) per month.

51.     From on or about September 01, 2017 through on or about September 21, 2018, Plaintiff GUANGLEI JIAO was promised a flat compensation at a rate of three thousand three hundred dollars ($3,300.00) per month.

52.     However, from on or about September 1, 2018 through on or about September 21, 2018, a period in which he worked nineteen (19) days, Plaintiff GUANGLEI JIAO was paid only one thousand seven hundred dollars ($1,700.00).

53.  At all relevant times, Plaintiff GUANGLEI JIAO was not paid overtime pay for overtime work.

54.     Throughout his employment, Plaintiff GUANGLEI JIAO was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

55.     Throughout his employment, Plaintiff GUANGLEI JIAO was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

56.     Throughout his employment, Plaintiff GUANGLEI JIAO was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

### Plaintiff RUIJI ZHAI

57.     From on or about June 01, 2017 through on or about September 21, 2018, Plaintiff RUIJI ZHAI was employed by Defendants to work as a barbecue assistant and miscellaneous kitchen worker at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

58.     From on or about June 01, 2017 through on or about January 22, 2018, Plaintiff RUIJI ZHAI's regular work schedule ran from 15:00 to 26:00 (02:00 the next day) for eleven (11) hours a day for seven (7) days from Mondays through Sundays, plus staying for an average of one (1) hour per day for each day, for a total of 84.00 hours each week.

59.     From on or about January 23, 2018 through on or about September 21, 2018, Plaintiff RUIJI ZHAI's regular work schedule ran from 16:00 to 27:00 (03:00 the next day) for eleven (11) hours a day for seven (7) days from Mondays through Sundays, plus staying for an average of one (1) hour per day for each day, for a total of 84 hours each week.

60.     At all relevant times, Plaintiff RUIJI ZHAI did not have a fixed time for lunch or for dinner.

61.     In fact, Plaintiff RUIJI ZHAI had ten (10) minutes to eat two (2) meals.

62.     From on or about June 01, 2017 through on or about August 31, 2017 , Plaintiff RUIJI ZHAI was paid a flat compensation at a rate of seventy dollars ($70.00) per day.

63.     From on or about September 01, 2017 through on or about September 30, 2017, Plaintiff RUIJI ZHAI was paid a flat compensation at a rate of eighty dollars ($80.00) per day.

64.    From on or about October 01, 2017 through on or about October 31, 2017, Plaintiff RUIJI ZHAI was paid a flat compensation at a rate of eighty-five dollars ($85.00) per day.

65.    From on or about November 01, 2017 through on or about April 30, 2018, Plaintiff RUIJI ZHAI was paid a flat compensation at a rate of ninety dollars ($90.00) per day.

66.    From on or about May 01, 2018 through on or about September 21, 2018, Plaintiff RUIJI ZHAI was paid a flat compensation at a rate of ninety-five dollars ($95.00) per day.

67.    For the last month of his employment, from on or about September 1, 2018 through on or about September 21, 2018, Plaintiff RUI JI ZHAI was paid only one thousand seven hundred dollars ($1,700.00) in total despite working for nineteen (19) days at a purported rate of ninety-five dollars ($95.00) per day—he should have earned one thousand eight hundred and five dollars ($1,805.00) under this pay scheme.

68.    At all relevant times, Plaintiff RUIJI ZHAI was not paid overtime pay for overtime work.

69.    Throughout his employment, Plaintiff RUIJI ZHAI was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each work-week.

70.    Throughout his employment, Plaintiff RUIJI ZHAI was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

### *Plaintiff YANJUN LI*

71.    From on or about June 02, 2016 through on or about September 21, 2018, Plaintiff YANJUN LI was employed by Defendants to work as a waitress, cashier, and cleaner at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

72.    From on or about June 02, 2016 through on or about July 31, 2016, Plaintiff YANJUN LI's regular work schedule ran from 13:00 to 26:00 (02:00 the next day) for thirteen

(13) hours a day for five (5) days from Mondays through Fridays for a total of 65.00 hours each week.

73.    From on or about August 01, 2016 through on or about January 22, 2018, Plaintiff YANJUN LI's regular work schedule ran from 15:00 to 26:00 (02:00 the next day) for eleven (11) hours a day for seven (7) days from Mondays through Sundays for a total of 77 hours each week.

74.    From on or about January 23, 2018 through on or about September 21, 2018, Plaintiff YANJUN LI's regular work schedule ran from 16:00 to 27:00 (03:00 the next day) for eleven (11) hours a day for seven (7) days from Mondays through Sundays for a total of 77 hours each week.

75.    At all relevant times, Plaintiff YANJUN LI did not have a fixed time for lunch or for dinner.

76.    In fact, Plaintiff YANJUN LI had ten (10) minutes to eat two (2) meals and even then she was on call, meaning that if customer's order came, her break stopped and she had to deliver.

77.    From on or about June 02, 2016 through on or about January 31, 2017, Plaintiff YANJUN LI was paid a flat compensation at a rate of eight dollars ($8.00) per hour for eleven (11) hours a day.

78.    From on or about February 01, 2017 through on or about July 31, 2018, Plaintiff YANJUN LI was paid a flat compensation at a rate of nine dollars ($9.00) per hour for eleven (11) hours a day, including for hours she worked in excess of forty (40) hours in a workweek.

79.    From on or about August 01, 2018 through on or about September 21, 2018, Plaintiff YANJUN LI received no base pay for each hour worked, including for hours I worked in excess of forty (40) hours in a workweek.

80.     At all relevant times, Plaintiff YANJUN LI was not paid overtime pay for overtime work.

81.     At all relevant times, Plaintiff YANJUN LI was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

82.     Further, at all relevant times, Plaintiff YANJUN LI had to double as a non-tipped cashier and non-tipped cleaner.

83.     At all relevant times, Plaintiff YANJUN LI's non-tipped work exceeds two (2) hours or twenty percent (20%) of Plaintiff's workday.

84.     Further, at all relevant times, Plaintiff YANJUN LI had her tips misappropriated.

85.     Specifically, at all relevant times from on or about June 2, 2016 through on or about July 31, 2018, all of Plaintiff YANJUN LI's tips, amounting to about two thousand two hundred dollars ($2,200.00) per month, were taken by the Defendants.

86.     For the last period of employment, from September 1, 2018 through on or about September 21, 2018, Plaintiff YANJUN LI was also owed pay for three and a half (3.5) hours of "overtime."

87.     Throughout her employment, Plaintiff YANJUN LI was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and tele-phone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

88.     Throughout her employment, Plaintiff YANJUN LI was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each work-week.

89.     Throughout her employment, Plaintiff YANJUN LI was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

***Plaintiff NAN YU***

90.     From on or about September 06, 2016 through on or about September 21, 2018, Plaintiff NAN YU was employed by Defendants to work as a barbecue assistant at Shang Shang Qian restaurant, located at 36-34 Union Street, Flushing, NY 11354.

91.     From on or about September 06, 2016 through on or about January 23, 2018, Plaintiff NAN YU's regular work schedule ran from 15:00 to 26:00 (02:00 the next day) for eleven (11) hours a day for seven (7) days from Mondays through Sundays, plus staying for an average of one (1) hour per day for each day, for a total of 84.00 hours each week.

92.     From on or about January 24, 2018 through on or about  September 21, 2018, Plaintiff NAN YU's regular work schedule ran from 16:00 to 27:00 (03:00 the next day) for eleven (11) hours a day for seven (7) days from Mondays through Sundays, plus staying for an average of one (1) hour per day for each day, for a total of 84 hours each week.

93.     At all relevant times, Plaintiff NAN YU did not have a fixed time for lunch or for dinner.

94.     In fact, Plaintiff NAN YU had ten (10) minutes to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to deliver.

95.     From on or about September 06, 2016 through on or about October 31, 2016, Plaintiff NAN YU was paid a flat compensation at a rate of seventy dollars ($70.00) per day.

96.     From on or about November 01, 2016 through on or about December 31, 2016 , Plaintiff NAN YU was paid a flat compensation at a rate of eighty dollars ($80.00) per day.

97.     From on or about January 01, 2017 through on or about February 28, 2017, Plaintiff

NAN YU was paid a flat compensation at a rate of ninety dollars ($90.00) per day.

98.    From on or about March 01, 2017 through on or about May 31, 2017, Plaintiff NAN YU was paid a flat compensation at a rate of ninety-five dollars ($95.00) per day.

99.    From on or about June 01, 2017 through on or about September 30, 2017, Plaintiff NAN YU was paid a flat compensation at a rate of one hundred dollars ($100.00) per day.

100.    From on or about October 01, 2017 through on or about May 31, 2018, Plaintiff NAN YU was paid a flat compensation at a rate of one hundred ten dollars ($110.00) per day.

101.    From on or about June 01, 2018 through on or about September 21, 2018, Plaintiff NAN YU was paid a flat compensation at a rate of one hundred twenty dollars ($120.00) per day.

102.    At all relevant times, Plaintiff NAN YU was not paid overtime pay for overtime work.

103.    Throughout his employment, Plaintiff NAN YU was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

104.    Throughout his employment, Plaintiff NAN YU was not compensated at least one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

105.    Throughout his employment, Plaintiff NAN YU was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

## COLLECTIVE ACTION ALLEGATIONS

106.    Plaintiffs  bring this action individually and as class representative individually and

on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## **CLASS ACTION ALLEGATIONS**

107.    Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

108.    All said persons, including Plaintiffs, are referred to herein as the "Class."

109.    The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

### *Numerosity*

110.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### *Commonality*

111.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.      Whether Defendant employed Plaintiffs and the Class within the meaning of the New York law;

b.      Whether Plaintiffs and Class members are promised and not paid at their promised hourly wage;

c.      Whether Plaintiffs and Class members are entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

d.      Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e.      Whether Plaintiff YANJUN LI and other tipped employees had their tip illegally misappropriated in violation of the NYLL;

f.      Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

g.      Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or timely thereafter;

h.      Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

i.      At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

***Typicality***

112.    Plaintiffs' claims are typical of those claims which could be alleged by any member

of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### Adequacy

113.    Plaintiffs  are  able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs  are  represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

### Superiority

114.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court

and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

115.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage/ Unpaid Wages**
**Brought on behalf of the Plaintiffs and the FLSA Collective]**

116.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

117.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs in full, and the similarly situated collective action members, for some or all of the hours they worked.

118.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §

206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

119.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
**[Violation of New York Labor Law—Failure to Pay Minimum Wage/ Unpaid Wages Brought on behalf of Plaintiff and Rule 23 Class]**

120.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

121.    At all relevant times, Plaintiffs are employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

122.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

123.    Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

124.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

### COUNT III.
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]**

125.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as

though fully set forth herein.

126.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

127.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

128.    Defendants' failure to pay Plaintiffs  and the FLSA Collective their overtime pay violated the FLSA.

129.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs  and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

130.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

131.    Defendants willfully failed to notify Plaintiffs  and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

132.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs  and Collective Class Members the statutory

overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Failure to Pay Overtime
### Brought on behalf of Plaintiff and Rule 23 Class]

133.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

134.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

135.    At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one-half times the hourly rate the Plaintiffs and the class are entitled to.

136.    Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

137.    Defendants' failure to pay Plaintiffs was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

138.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

139.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

140.    Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT VI.
### [Violation of 29 U.S.C. §203(M) And (T)—Illegal Retention Of Tips
### Brought on Behalf Of Plaintiffs And The Flsa Collective]

141.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

142.    A tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit.

143.    The FLSA prohibits any arrangement between the employer and tipped employee whereby any part of the tip received becomes the property of the employer.

144.    Retaining portions (or the entirety thereof) of the tips from tipped staff to unjustly enrich the Owner/ Operator Defendants or using portion of the tips to pay non-tipped employees is prohibited under the FLSA.

## COUNT VII.
### [Illegal Tip Retention, NYLL §146-2.18 and NYLL §146-2.20
### Brought on behalf of Plaintiffs and the Rule 23 Class]

145.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

146.    Section 196-d of the New York State Labor Law prohibits employers from demanding, accepting, or retaining, directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity.

147.    A charge purported to be a gratuity, including charges advertised to be "delivery fee" to customers, must be distributed in full as gratuities to the service employees or food service workers who provided the service.

148.    §146-2.18 provides that there shall be a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for "service" or "food service," is a charge purported to be a

gratuity.

149.    NYLL §146-2.20 provides that when tips are charged on credit cards, the employer must return to the employee the full amount of the tip charged on credit card minus the pro-rated portion of the tip taken by the credit card company.

150.    Employers are prohibited from unjustly enriching themselves by charging their employees a gratuities service fee charge which exceed the costs of converting credit card gratuities into cash.

**COUNT VIII.**
**[Violation of New York Labor Law—Failure to Provide Meal Periods**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

151.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

152.    The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL § 162.

153.    Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff worked.

154.    Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

155.    Defendants' failure to provide the meal periods required by NYLL § 162 was not

in good faith.

## COUNT IX.
**[Violation of New York Labor Law—Failure to Keep Records
Brought on behalf of Plaintiff and Rule 23 Class]**

156.    Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as though fully set forth herein.

157.    Defendants did not maintain, establish and preserve Plaintiffs'  weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

158.    As a result of Defendants' unlawful conduct, Plaintiffs  have  sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudg-ment interest, costs and attorneys' fee, pursuant to the state law.

159.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs  in order to facilitate their exploitation of Plaintiffs'  labor.

160.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT X.
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice
Brought on behalf of Plaintiff and Rule 23 Class]**

161.    Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as though fully set forth herein.

162.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the

employer; any "doing business as" names used by the employer; the physical address of em-ployer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

163.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

164.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs  even after the fact.

165.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to re-cover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT XI.
### [Violation of New York Labor Law—Failure to Provide Wage Statements
### Brought on behalf of Plaintiff and Rule 23 Class]

166.    Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as though fully set forth herein.

167.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

168.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

169.    Due to Defendants' violations of New York Labor Law, Plaintiffs  are  entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to

$5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

### JURY DEMAND

170.    Plaintiffs demand a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)    Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)    Certification of this case as a collective action pursuant to FLSA;

c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, em-
ployees, representatives and any and all persons acting in concert with them as provided by law,
from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and
New York Labor Law due Plaintiffs and the Collective Action members plus compensatory and
liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one
hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of the full portion of tips illegally retained by Owner/ Operator Defend-
ants;

h)      An award of liquidated and/or punitive damages as a result of Defendants' know-
ing and willful failure to pay wages at least the hourly minimum wage, overtime compensation
pursuant to 29 U.S.C. §216;

i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to pro-
vide a Time of Hire Notice detailing rates of pay and payday;

j)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to pro-
vide a paystub that lists employee's name, employer's name, employer's address and telephone
number, employee's rate or rates of pay, any deductions made from employee's wages, any al-
lowances claimed as part of the minimum wage, and the employee's gross and net wages for
each pay day;

k)      An award of liquidated and/or punitive damages as a result of Defendants' willful
failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor
Law;

l)      An award of costs and expenses of this action together with reasonable attorneys'
and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)     The cost and disbursements of this action;

n)      An award of prejudgment and post-judgment fees;

o)      Providing that if any amounts remain unpaid upon the expiration of ninety days
following the issuance of judgment, or ninety days after expiration of the time to appeal and no
appeal is then pending, whichever is later, the total amount of judgment shall automatically in-
crease by fifteen percent, as required by NYLL §198(4); and

p)      Such other and further legal and equitable relief as this Court deems necessary,
just, and proper.

Dated: Flushing, New York
       October 16, 2020

                                        TROY LAW, PLLC
                                        *Attorneys for the Plaintiffs, proposed FLSA*
                                        *Collective and potential Rule 23 Class*


                                        /s/ John Troy_____
                                        John Troy (JT0481)